# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XIU JIAN SUN, Spiritual Adam,<br><br>**Plaintiff,**<br><br>v.<br><br>**SECRET GANG ORGANIZATION: OBAMA BARACK-DOG, et al.,**<br><br>**Defendants.** | Civil Action No. 17-1861 (JDB) |

## MEMORANDUM OPINION

Plaintiff Xiu Jian Sun, identifying as "the spiritual Adam" and as a representative of the Church of Jesus Christ of Latter-Day Saints, filed this pro se action on September 12, 2017. Listed as defendants are "Secret gang organization: OBAMA-BARACK-Dog," and various federal employees and judges. Plaintiff has paid the statutory filing fee to commence this action. Defendants respond that this Court lacks jurisdiction and that nothing in plaintiff's complaint states a claim upon which relief can be granted. For the following reasons, [6] defendants' motion to dismiss will be granted.

## BACKGROUND

As a prefatory matter, the Court notes that plaintiff has filed at least eight similar complaints in other state and federal courts. See, e.g., Xiu Jian Sun v. N.Y. Office of Att'y Gen., No. 17-CV-5916, 2017 WL 4740811, at *1–*3 (E.D.N.Y. Oct. 19, 2017) (dismissing complaint as frivolous and listing other cases filed by plaintiff in New York state and federal courts); Xiu Jian Sun v. United States, 130 Fed. Cl. 569, 570 (2016) (dismissing complaint). In the instant case, plaintiff alleges that, "[i]n the night between March 7th and 8th, 2016, the Lord god of host Jehovah sent the messenger said to servant (Plaintiff) through the angel: '**Secret gang**

1

**organization.**'" Compl. [ECF No. 1] at 4 (emphasis in original) (omitting footnote and Chinese language). Plaintiff asserts, among other things, that the "Lord god of host sent the messenger through angel said to spiritual Adam: '**take him (her) to the law to confront it**.'" Id. at 3–4 (emphasis in original) (omitting Chinese language). Plaintiff also quotes from the Book of Revelations, id. at 4–5 (quoting Revelations 17:1–10), and the Doctrine and Covenants of the Church of the Latter-Day Saints, id. at 6–7(quoting The Doctrine and Covenants § 42, LDS.org, https://www.lds.org/scriptures/dc-testament/dc/42.22). In these quotations, the complaint lists the names of various former presidents and other officials as "kings," including a note that "**the Lord god of host sent the messenger said to servant in heart, 'They are like this in their previous life.'**" Id. at 5 (emphasis in original). Plaintiff requests a "[t]rial with god's law" with a "jury to prevent insult and unfair behavior," as well as a Mandarin Chinese court interpreter. Id. at 7. Defendants move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), as well as for lack of subject-matter jurisdiction under Rule 12(b)(1). Defs.' Mot. to Dismiss Pl.'s Compl. [ECF No. 6] at 1.

## **LEGAL STANDARD**

At the motion-to-dismiss stage, a court must "treat the complaint's factual allegations as true and grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Elec. Privacy Info. Ctr. v. IRS, 261 F. Supp. 3d 1, 5 (D.D.C. 2017) (citing Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000)). "The sole exception to this rule lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." Ashcroft v. Iqbal, 556 U.S. 662, 696 (2009) (Souter, J., dissenting). On a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, courts may dismiss complaints which are "'patently insubstantial,'

2

presenting no federal question suitable for decision." Tooley v. Napolitano, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (citation omitted). On a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## ANALYSIS

Because federal courts are courts of limited jurisdiction, "even a pro se plaintiff bears the burden of establishing that the Court has subject matter jurisdiction." Newby v. Obama, 681 F. Supp. 2d. 53, 55 (D.D.C. 2010) (citation omitted) (dismissing case for lack of subject-matter jurisdiction because it appeared to be "the sort of 'bizarre conspiracy theory' that warrant[s] dismissal under Rule 12(b)(1)"). The standard for this kind of dismissal is high: the claims must "be flimsier than 'doubtful or questionable'—they must be 'essentially fictitious.'" Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting Hagans v. Lavine, 415 U.S. 528, 537–38 (1974)) (finding that the claims of pro se prisoners who asserted that the prison had violated their constitutional rights were not "patently insubstantial," but noted that "any sort of supernatural intervention" would meet the standard for Rule 12(b)(1) dismissal).

In the instant case, Plaintiff claims that a divine messenger provided inspiration for the suit. Compl. at 4. This is similar to other "patently insubstantial" claims meriting dismissal under Rule 12(b)(1). See, e.g., Odemns v. Wal-Mart Stores, Inc., 14-cv-1790 (KBJ), 2015 WL 2120634, at *2 (D.D.C. May 6, 2015) (dismissing as "patently insubstantial" claim "that defendants have implanted a 'multifunctional' nano-chip that acts as 'a recorder' and a 'transmitter' in order to 'record Plaintiff's thoughts'"); In re New York ex rel. Unger, 990 F. Supp. 2d 6, 6 (D.D.C. 2013) (dismissing as frivolous a case where plaintiff sought relief for "an ongoing state of insurrection

3

and judicial anarchy directed against the supreme court for the fourth judicial district of New York"); Baszak v. FBI, 816 F. Supp. 2d 66, 69 (D.D.C. 2011) (dismissing as patently insubstantial claims of "video and mental surveillance"). Plaintiff's claims here are "patently insubstantial," and defendants' motion to dismiss for lack of subject-matter jurisdiction will therefore be granted.

Although courts must construe the complaints of pro se plaintiffs "liberally," a plaintiff's "pro se status does not render him immune from pleading facts upon which a valid claim can rest." In re Watson, 910 F. Supp. 2d 142, 148 (D.D.C. 2012) (citation omitted); see Hamilton v. Acosta, 688 F. App'x 16, 17 (D.C. Cir. 2017) (unpublished) (holding that, "[e]ven if construed liberally, appellant's pro se complaint [did] not assert a colorable . . . claim"). Even after a liberal construction and careful examination of plaintiff's complaint, this Court is unable to identify any colorable claims. See Urban v. United Nations, 768 F.2d 1497, 1499 (D.C. Cir. 1985) ("[T]he court is unable to hazard even the most elementary guess as to the relief [plaintiff] seeks, at a loss to decipher the nature of the claims pursued, and unable to discern a plausible nexus between the complaint and the named defendants.").

As the Eastern District of New York noted in Xiu Jian Sun v. New York Office of the Attorney General, a case brought by plaintiff, "th[is] plaintiff has made a practice of suing any judge, court personnel, government official, or person with whom he has ever interacted. In addition, the allegations consist . . . of religious pronouncements." 2017 WL 4740811, at *2. This complaint seems to follow the same pattern, naming as defendants multiple current and former Department of Justice employees, judges and clerks at the Court of Federal Claims and Federal Circuit, current Supreme Court employees, and the former Acting Solicitor General of the United States. As in plaintiff's prior cases, he has not asserted any causes of action or sought any specific relief other than the appointment of an interpreter for court appearances. Compl. at 7; see Xiu Jian

Sun v. Asiello, No. 1:17-cv-63, 2017 WL 4350566, at *2 (N.D.N.Y. July 17, 2017) ("Plaintiff has not stated a claim, much less a claim upon which relief could be granted."). Because plaintiff has once again not stated a claim upon which relief can be granted, defendants' motion to dismiss will be granted.

## **CONCLUSION**

For these reasons, defendants' motion to dismiss will be granted and this case dismissed with prejudice. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: September 24, 2018